UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Jason Charles Youker,<br><br>    Petitioner,<br><br> v.<br><br>Greilick,<br><br>    Respondent. | CASE NO. 2:21-cv-00046-RSL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: August 27, 2021 |

The District Court referred this action to United States Magistrate Judge David W. Christel. Petitioner, proceeding *pro se* and *in forma pauperis*, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. Presently before the Court is Defendant's Motion to Dismiss (Dkt. 10) Plaintiff's Petition (Dkt. 3) for lack of subject matter jurisdiction.

BACKGROUND

On March 3, 2021, Petitioner filed a Petition pursuant to 28 U.S.C. 2254 for a Writ of Habeas Corpus by a person in state custody (the Petition), in which he lists his 1998 conviction for Possession of a Controlled Substance and Unlawful Possession of a Firearm as the conviction "under attack". Dkt. 3 at 1. The Snohomish County Superior Court initially sentenced Petitioner

to 77 months, but later reduced his sentence to 67 months of confinement. Dkt. 11-1 at 24. Petitioner served this sentence, and was released from prison in 2004. Dkt. 11-1 at 32. Nevertheless, according to an Order of Dismissal issued by the Washington Court of Appeals, Petitioner is currently in the custody of the Federal Bureau of Prisons pursuant to a judgment and sentenced entered in the United States District Court for the Eastern District of Washington, No. 2:14-CR-00152-SMJ-1." Dkt. 11-1 at 46.

In lieu of filing an Answer, on June 23, 2021, Defendant filed the pending Motion to Dismiss (Dkt. 10) arguing this Court lacks subject matter jurisdiction to consider Petitioner's challenge to a state court conviction and sentence that have expired and are not the basis for his current confinement.

Petitioner has not responded to this motion, and the time for doing so has passed.

## STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of a case for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12. A complaint must be dismissed under Rule 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III Section 2 of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *see also* 28 U.S.C. § 1331 (federal question jurisdiction). Federal courts are courts of limited jurisdiction, and are presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Once subject matter jurisdiction has been challenged, plaintiff bears the burden of establishing it. *Id.*

DISCUSSION

A petition for writ of habeas corpus under 28 U.S.C. § 2254 is a cause of action in which a petitioner seeks to challenge his confinement in violation of the Constitution, law or treaties of the United States. It confers upon the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a).

A petitioner must be "in custody" under the conviction or sentence under attack when he files his federal petition. *White v. Cate*, 395 F. App'x 489, 490-91 (9th Cir. 2010). The "in custody" requirement is met when a petitioner "is subject to a significant restraint upon his liberty 'not shared by the public generally.'" *Wilson v. Belleque*, 554 F.3d 816, 822 (9th Cir. 2009) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240 (1963)). A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter jurisdiction. *Yasui v. United States*, 772 F.2d 1496, 1501 (9th Cir. 1985); *Carafas v. LaVallee*, 391 U.S. 237-38 (1968).

Defendant moves to dismiss this case for lack of subject matter jurisdiction because Petitioner is no longer "in custody" under the state court conviction and sentence he seeks to challenge in his Petition. Dkt. 10 at 2.

This Court concurs with Defendant that since the conviction and sentence Petitioner seeks to attack expired decades ago, even though he is currently in federal custody on a different conviction and sentence he does not meet the "in custody" requirement of 28 U.S.C. § 2241(c)(3). Consequently, the Petition does not present a live case or controversy over which this Court may exercise subject matter jurisdiction. Therefore, the Court recommends dismissing the Petition with prejudice.

CONCLUSION

Defendant's Motion to Dismiss (Dkt. 10) Plaintiff's Petition (Dkt. 3) for lack of subject matter jurisdiction should be granted, and this case should be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* FED. R. CIV. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Federal Rule of Civil Procedure 72(b), the clerk is directed to set the matter for consideration on August 27, 2021, as noted in the caption.

Dated this 13th day of August, 2021.

/s/ David W. Christel

David W. Christel
United States Magistrate Judge